UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEBORAH TURNER,**

    **Plaintiff,**

vs.                                          **CASE NO.:**

**T.L. HUNT, LLC, a Florida
Limited Liability Company,
TORRENCE "TERRY" HUNT, Individually,
and RHONDA HUNT, Individually,**

    **Defendants.**
_____/

## COMPLAINT

Plaintiff, DEBORAH TURNER, by and through her undersigned counsel, sues the Defendants, T.L. HUNT, LLC, a Florida Limited Liability Company, TORRENCE "TERRY" HUNT , Individually, and RHONDA HUNT, Individually, referred to herein as "Defendants" and alleges as follows:

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

2.    Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## **PARTIES**

3. Plaintiff, DEBORAH TURNER, is a resident of Pinellas County, Florida at all times material and worked for Defendants in this Juridical District during the applicable statute of limitations.

4. Defendant, T.L. HUNT, LLC, is a Florida Limited Liability Company authorized and doing business in this Judicial District.

5. At all times material hereto Defendant, TORRENCE "TERRY" HUNT, Individually, was an officer of the Defendant Corporation and had direct responsibility and control over the compensation paid to employees of the organization.

6. At all times material hereto Defendant, RHONDA HUNT, Individually, was an officer of the Defendant Corporation and had direct responsibility and control over the compensation paid to employees of the organization.

7. Defendants are an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(l)(A).

8. Defendants are joint employers and/or an integrated enterprise/single employer.

9. Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants were Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FACTUAL ALLEGATIONS

10. On or about September 18, 2017, Plaintiff, DEBORAH TURNER, Defendants hired Plaintiff to maintain Defendants' properties, restaurant, automobiles, dogs and their house in Florida.

11. On or about October 1, 2017, an employment contract was signed by parties in this regard.

12. As a maintenance worker, Plaintiff worked in excess of 40 hours per work week for which she was not compensated by Defendants at a rate of time and one half her regular hourly rate.

13. Despite the non-exempt, manual labor nature of Plaintiff's work for Defendants, they failed to properly compensate Plaintiff for each hour worked or at the rate of time and half her regular rate of pay for hours in excess of forty in the workweek.

14. Prior to filing this action, Plaintiff sent Defendants a demand letter outlining her claim and requesting proper payment.

## COUNT I
### (Fair Labor Standard Act - Overtime)

15. Plaintiff realleges paragraphs 1 through 14 as though set forth fully herein.

16. The employment of Plaintiff provided for a twenty (20) hour work week but throughout her respective employment Plaintiff was required to work and did

work a substantial number of hours in excess of twenty (20) hours per work week, indeed in excess of forty (40) hours per work week.

17.  At all times material, Defendants failed to comply with 29 U.S.C. § 201 et seq., in that Plaintiff worked for Defendants in excess of the maximum hours provided by law, but no provision was made by Defendants to compensate Plaintiff at the rate of time and one-half her regular rate of pay for the hours worked over forty (40) in a work week.

18.  Defendants' failure to pay Plaintiff the required overtime pay was intentional and willful.

19.  Defendants failed to keep proper records of Plaintiff's employment as required by the FLSA, such as the time and day of week when Plaitniff's workweek began, hours worked each day, total hours worked each workweek, the basis on which Plaintiff's wages were paid, and other mandatory recordkeeping requirements with respect to Plaintiff's employment.

20.  As a direct and legal consequence of Defendants' unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, DEBORAH TURNER, respectfully requests all legal and equitable relief allowed by law including judgment against Defendants for overtime compensation, liquidated damages, prejudgment interest; payment of

reasonable attorneys' fees and costs incurred in the prosecution of this claim and equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy and such other relief as the court may deem just and proper.

## COUNT II
### (Violation of the Florida Minimum Wage Act)

21. Plaintiff realleges paragraphs 1 through 14 as though set forth fully herein.

22. At all times material hereto, Plaintiff was paid an hourly rate.

23. Plaintiff's hourly rate did not equal Florida's minimum wage.

24. Plaintiff regularly made less than the statutory amount needed to be considered an hourly employee.

25. At all times material, Defendants failed to comply with Fla. Stat. § 448.110 and Fla. Const. Art. 10 § 24, in that Plaintiff should have been paid at the minimum wage rate.

26. Defendants' failure to pay Plaintiff the required wage was intentional and willful.

27. Defendants failed to keep proper records of Plaintiff's employment as required by the FLSA, such as the time and day of week when Plaitniff's workweek began, hours worked each day, total hours worked each workweek, the basis on which Plaintiff's wages were paid, and other mandatory recordkeeping requirements with respect to Plaintiff's employment.

28. As a direct and legal consequence of Defendants' unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff prays for the following against Defendants:

    a. all legal and equitable relief allowed by law including judgment against Defendants for minimum wage compensation;

    b. prejudgment interest;

    c. post judgment interest;

    d. payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

    e. equitable relief declaring and mandating the cessation of Defendants' unlawful pay policy; and

    f. such other relief as the court may deem just and proper.

## COUNT III
### (Fair Labor Standards Act - Minimum Wage)

29. Plaintiff realleges paragraphs 1 through 14 as though set forth fully herein.

30. At all times material hereto, Plaintiff was paid an hourly rate.

31. Plaintiff regularly made less than the minimum wage required to be paid to employees under the FLSA.

32. At all times material, Defendants failed to comply with the FLSA, in

that Plaintiff should have been paid at no less than the minimum wage.

33. Defendants' failure to pay Plaintiff the required wage was intentional and willful.

34. As a direct and legal consequence of Defendants' unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff prays for the following against Defendants:

a. all legal and equitable relief allowed by law including judgment against Defendants for minimum wage compensation;

b. liquidated damages;

c. payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

d. such other relief as the court may deem just and proper.

## COUNT IV
### Breach of Contract

35. Plaintiff realleges paragraphs 1 through 14 as though set forth fully herein.

36. That on or about October 1, 2017, the parties entered into an Employment Agreement (Attached as Exhibit "A") prepared by a representative of the Defendants.

37. Plaintiff performed all of the conditions and obligations under the

Agreement.

38. The Defendants failed in their contractual duties to perform their obligations under the Agreement.

39. The actions of Defendants constitute a breach of the Employment Agreement and/or contract between the parties in that Plaintiff was required to work in excess of the number of hours required of the employment contract yet did not receive any additional compensation.

40. As a direct and proximate result of the Defendants' breach of the agreement, the Plaintiff has sustained damages, including but not limited to the loss of wages, benefits and entitlements under the agreement and consequential damages.

41. As a result of the breach of the Employment Agreement by Defendants, Plaintiff, has retained the undersigned counsel and is obligated to pay them costs and attorneys' fees.

42. As a direct and proximate legal result of Defendants' breach of contract and Florida common law, Plaintiff has suffered and continues to suffer damages, including, but not limited to, the following:

    a. Unpaid earnings and/or wages/commissions and/or remuneration;

    b. Damages arising from the breach;

    c.    Prejudgment and post-judgment interest;

    d.    Attorneys' fees and costs pursuant to Fla. Stat. § 448.08; and

    e.    Such other relief as the Court may deem just and proper.

**WHEREFORE**, Plaintiff, DEBORAH TURNER, demands a trial by jury and judgment against Defendant for the aforementioned relief and damages.

## DEMAND FOR JURY TRIAL

43.    Plaintiff requests a jury trial on all issues so triable.

Dated this 16th day of November, 2021.

**FLORIN, GRAY, BOUZAS, OWENS, LLC**

*/s/ Miguel Bouzas*
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
miguel@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

Attorneys for Plaintiff